IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KAREN BROWER                                                                PLAINTIFF

v.                              Case No. 3:10-cv-309-DPM

RANDOLPH COUNTY NURSING HOME;
PAULA SWIFT, individually and in her official
capacity; and JENNIFER KACZMARSKI,
individually and in her official capacity                      DEFENDANTS

ORDER

Karen Brower worked for seventeen years at the Randolph County Nursing Home. She held various positions; she was activities director at the end of her tenure. Brower was always an employee at will. The Nursing Home fired Brower for allegedly falsifying records and alleged dishonesty involving another employee and the records. Brower makes many federal and state claims against the county-owned Nursing Home, Paula Swift (the administrator who fired Brower), and Jennifer Kaczmarski (the director of nursing). In response to Defendants' motion to dismiss, Brower filed an amended complaint. The Nursing Home, Swift, and Kaczmarski move to

dismiss the new pleading too. The Court accepts all the facts alleged as true. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). But the facts must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For various reasons, none of Brower's federal claims stands up.

The First Amendment claim fails as a matter of law. Brower alleges she was discharged for complaining about Nursing Home activities and for things she would have said in the future on the same subject. *Document No. 11, at 11*. But Brower's complaints were all work related; she was speaking as an employee, not as a citizen; and she was speaking on issues of non-public concern. Brower's complaints were thus not protected speech. *Garcetti v. Ceballos*, 547 U.S. 410, 421–423 (2006); *Kozisek v. County of Seward, Nebraska*, 539 F.3d 930, 937 (8th Cir. 2008). Brower's claim that she was fired for future speech cannot succeed either: it rests on "speech which has not yet occurred, which, for First Amendment retaliation purposes, is no speech at all." *Wernsing v. Thompson*, 423 F.3d 732, 752 (7th Cir. 2005).

Her Fourteenth Amendment claims are not plausibly pleaded. Brower's substantive-due-process claim fails because her allegations do not support

the conclusion that the decision to fire her "shocks the conscience." *Young v. City of St. Charles, Missouri*, 244 F.3d 623, 628 (8th Cir. 2001). This is a high hurdle, which only the most extraordinary workplace unfairness will clear. Brower's procedural-due-process claim fails because she was an at-will employee who did not have a property interest in continued employment. *Eddings v. City of Hot Springs, Arkansas*, 323 F.3d 596, 601 (8th Cir. 2003). She was entitled to a write up or warning pursuant to the Nursing Home's policy; but this entitlement does not create a property interest under Arkansas law. *Ibid.* It nonetheless appears that the Nursing Home gave Brower some sort of review. *Document No. 11, at 6.*

Brower also claims a deprivation of her liberty interest in her good name. This claim fails as a matter of law. While accusations of dishonesty and falsifying records may be stigmatizing, Brower has not pleaded that Defendants made the accusations public. *Stodghill v. Wellston School District*, 512 F.3d 472, 476 (8th Cir. 2008). The Nursing Home's reports so far have only been privileged communications to public agencies required by law to keep the reports confidential. ARK. CODE. ANN. § 11-10-314(a); *see also Kyles v. Eastern Nebraska Human Services Agency*, 632 F.2d 57, 61–62 (8th Cir. 1980).

-3-

As for her equal-protection claim, Brower does not allege that she was treated differently than similarly situated individuals. *Mills v. City of Grand Forks*, 614 F.3d 495, 500 (8th Cir. 2010). She says those in Kaczmarski and Swift's "clique" of employees were treated better than she was. Workplace favoritism not implicating the standard suspect classes such as race and sex, however, simply does not implicate the Constitution.

Brower also alleges that Swift and Kaczmarski conspired to deprive her of constitutional rights. This claim fails for lack of a foundational constitutional claim. Brower has not adequately pleaded any underlying constitutional violation that would support a conspiracy claim under § 1983 or § 1985(3). *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971); *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

Last, Brower's Fair Labor Standards Act claim is implausible. Her complaints were not about wages, hours, or overtime — matters protected by FLSA. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1333 (2011); *Grey v. City of Oak Grove, Missouri*, 396 F.3d 1031, 1035 (8th Cir. 2005).

\* \* \*

Defendants' motion to dismiss, *Document No. 13*, is granted. All Brower's federal claims are dismissed without prejudice. Because the Court is dismissing all the claims over which it has original jurisdiction so early in the case, the Court declines to exercise supplemental jurisdiction over Brower's state claims for libel, slander, and wrongful discharge. 28 U.S.C. § 1367(c)(3); *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006). Brower's amended complaint, *Document No. 11*, is dismissed without prejudice. Motion, *Document No. 5*, denied as moot.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 August 2011